[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12386

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00354-CV-JHH-S

TONI ECHOLS,

                                                    Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 7, 2010)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

     Plaintiff Toni Echols appeals the district court's grant of summary judgment

in favor of Defendant BellSouth Telecommunications on her claims challenging the

denial of benefits under the BellSouth Short Term Disability Plan and alleging that her termination interfered with her rights in violation of ERISA § 510, 29 U.S.C. § 1140. After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed.

## I. DENIAL OF SHORT TERM BENEFITS

We review a district court's grant of summary judgment de novo, applying the same standards that bound the district court. Callahan v. Point Clear Holdings, Inc., 579 F.3d 1207, 1212 (11th Cir. 2009). When an administrator exercises discretion under the terms of an ERISA-governed plan, the administrator's decision is reviewed under the arbitrary and capricious standard, with any possible conflict of interest weighed as a factor in determining whether an abuse of discretion occurred. See Doyle v. Liberty Life Assurance Co. of Boston, 542 F.3d 1352, 1360 (11th Cir. 2008).

Although we have some doubt as to whether the district court correctly concluded that Broadspire's decision was de novo wrong, BellSouth has not challenged that determination. Thus, we proceed on the assumption that the decision was wrong. Nevertheless, our careful consideration of the evidence in this case leads us readily to the conclusion that Broadspire's decision was eminently reasonable and not an abuse of discretion. Echols' doctor, Dr. Denson,

2

recommended part-time work for two weeks.  Two other doctors, with access to the

medical records which plaintiff deemed relevant and provided, independently

reviewed those records and concluded otherwise.  The primary reason put forth by

Echols for Dr. Denson's recommendation of part-time work for two weeks was the

doctor's concern about over-exertion.  However, there is extremely sparse evidence

that Dr. Denson actually entertained such concern.

Although we believe that there is no conflict of interest in this case,[1] we need

---

[1]     Although we need not definitively decide the conflict of interest issue, we do note
that plaintiff's assertion that Williams v. BellSouth Telecommunications, Inc., 373 F.3d 1132
(11th Cir. 2004), controls this issue is frivolous.  The conclusion in Williams that a conflict of
interest existed was based on language in the contract between BellSouth and its claims
administrator by virtue of which BellSouth "retained the ability to control all aspects of claims
dispositions."  Id. at 1136 n.5.  That language has been eliminated, and the current contract
between BellSouth and its current claims administrator, Broadspire, delegates to Broadspire sole
and complete responsibility for claims determinations and expressly precludes any instructions or
direction from BellSouth in connection with Broadspire's approval or denial of claims.  Plaintiff
also asserts that the Williams decision is binding precedent with respect to the trust through
which the BellSouth plan is funded; plaintiff asserts that Williams is binding precedent for the
proposition that the trust does not insulate BellSouth from a conflict of interest with respect to
the plan.  That assertion also is frivolous.  The facts upon which the Williams decision were
based expressly assume the following:

> BellSouth's disability plan is not a trust or otherwise self-funded.  Rather, any
> benefits are paid directly out of BellSouth's operating expenses.  It is therefore,
> not in BellSouth's financial interest to approve disability benefits claims.

Id. at 1135 n.4 (emphasis omitted).  Thus, the Williams decision made no holding whatsoever
with respect to the significance of any trust that may have provided funding for the plan.

Although we need not so hold in this case, and we assume arguendo to the contrary for
purposes of this opinion, we believe that there is probably no conflict of interest at all in this
case.  Our belief is based upon two factors: first, the delegation of absolute discretion and
authority with respect to the claims determination process to Broadspire, and second, the trust
that provides the funding for the plan benefits.  Although we need not so decide, the use of the

not make an actual holding in that regard. Even assuming arguendo a conflict of interest, there is no evidence at all that any conflict of interest influenced Broadspire's decision to deny the minimal benefits at issue in this case. To the contrary, all of the evidence points to a careful decision on the basis of the merits of the medical evidence provided.[2] In Metropolitan Life Insurance Co. v. Glenn, __ U.S. __, 128 S. Ct. 2343, 2351 (2008), the Supreme Court noted that in reviewing an administrator's decision, the weight accorded to a conflict of interest will be informed by its "inherent or case-specific importance." In this case, given the eminent reasonableness of the decision, the lack of evidence that any assumed conflict influenced the claims decision indicates that any assumed conflict should be given little weight in judging whether the decision was an abuse of discretion. Thus, considering all of the relevant factors, including the assumed conflict of interest, we cannot conclude that the decision at issue was other than a reasonable decision based upon the merits of the medical evidence. We cannot conclude that the decision was arbitrary and capricious.

---

trust likely further insulates BellSouth from any conflict of interest pursuant to the authority of Gilley v. Monsanto Co., 490 F.3d 848 (11th Cir. 2007); Turner v. Delta Family-Care Disability and Survivorship Plan, 291 F.3d 1270 (11th Cir. 2002); and Buckley v. Metropolitan Life, 115 F.3d 936 (11th Cir. 1997).

[2] Echols' conclusory assertion of a history of biased decision-making is wholly without merit. Echols has produced no evidence to support this assertion.

## II. SECTION 510 INTERFERENCE CLAIM

The district court did not err in granting summary judgment to BellSouth on Echols' interference claim.  At the outset, we note that the district court properly construed Echols' claim as alleging that her termination deprived her of and forced her to forfeit future benefits.  In order to prevail on an ERISA interference claim, the plaintiff must introduce, <u>inter alia</u>, evidence suggesting that interference with her ERISA rights was a motivating factor in her termination.  <u>Clark v. Coats & Clark, Inc.</u>, 990 F.2d 1217, 1223-24 (11th Cir. 1993).  Echols has failed to introduce such evidence indicating that BellSouth terminated her with the intent to deprive her of future benefits under ERISA.  Instead, the evidence indicates that she was terminated for excessive absenteeism that occurred over a period of time.  Moreover, the district court did not abuse its discretion in denying Echols' motion to amend her complaint to assert the claim that BellSouth terminated her in retaliation for working half-days for two weeks.  Accordingly, the grant of summary judgment in favor of BellSouth was proper.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.